# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY S. BRADLEY** | **CIVIL ACTION** |
| **versus** | **NO. 08-4814** |
| **HOWARD PRINCE, WARDEN** | **SECTION: "B" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Gregory S. Bradley,[1] is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana. On May 14, 2001, he was convicted of two counts of armed robbery in violation of Louisiana law.[2] On May 29, 2001, he was found to be a second

---

[1] In the state court record, petitioner's surname is given both as "Bradley" and "Bradly."

[2] State Rec., Vol. I of VII, minute entry dated May 14, 2001; State Rec., Vol. I of VII, jury verdict forms.

offender and was sentenced as such on each count to a concurrent term of fifty years imprisonment without benefit of probation, parole, or suspension of sentence.[3] On February 20, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions; however, finding that petitioner should have been sentenced as a second offender with respect to only one of the two counts, the Court of Appeal remanded the matter for resentencing.[4] On March 13, 2002, petitioner filed a motion for rehearing[5] which was refused by the court on March 28, 2002.[6] The Louisiana Supreme Court then denied his related writ application without assigning reasons on October 3, 2003.[7]

During the interim, the state district court had resentenced petitioner on March 21, 2002.[8] However, the Louisiana Fourth Circuit Court of Appeal thereafter ruled that, in light of the motion for rehearing, the Court of Appeal's prior judgment was not final at the time of resentencing. Therefore, the Court of Appeal vacated the March 21 judgment and again remanded the case for resentencing.[9]

---

[3] State Rec., Vol. I of VII, transcript dated May 29, 2001; State Rec., Vol. I of VII, minute entry dated May 29, 2001.

[4] State v. Bradly, No. 2001-KA-1662 (La. App. 4th Cir. Feb. 20, 2002) (unpublished); State Rec., Vol. I of VII.

[5] State Rec., Vol. I of VII.

[6] State Rec., Vol. II of VII, notice dated March 28, 2002.

[7] State *ex rel.* Bradly v. State, 855 So.2d 301 (La. 2003) (No. 2002-KH-2555); State Rec., Vol. II of VII.

[8] State Rec., Vol. IV of VII, minute entry dated March 21, 2002.

[9] State v. Bradley, No. 2002-K-0702 (La. App 4th Cir. May 20, 2002) (unpublished); State Rec., Vol. II of VII.

On June 4, 2002, the state district court resentenced petitioner on count one to a term of fifty years imprisonment without benefit of probation, parole, or suspension of sentence; however, this time the district court neglected to resentence him on count two.[10] On September 10, 2003, the Louisiana Fourth Circuit Court of Appeal affirmed the sentence on count one and yet again remanded the matter for resentencing on count two.[11] Petitioner filed an application for rehearing[12] which was refused by the court on September 30, 2003.[13] The Louisiana Supreme Court then denied his related writ application on March 19, 2004.[14]

During the interim, on November 12, 2003, the state district court resentenced petitioner on count two to a concurrent term of fifty years imprisonment without benefit of probation, parole, or suspension of sentence.[15]

According to petitioner, he then filed with the state district court an application for post-conviction relief on March 14, 2005. When he failed to receive a ruling on that application,

---

[10] State Rec., Vol. V of VII, transcript of June 4, 2002; State Rec., Vol. IV of VII, minute entry dated June 4, 2002.

[11] State v. Bradley, No. 2003-KA-0236 (La. App. 4th Cir. Sept. 10, 2003) (unpublished); State Rec., Vol. III of VII.

[12] State Rec., Vol. III of VII.

[13] State Rec., Vol. V of VII, notice dated September 30, 2003.

[14] State v. Bradley, 869 So.2d 848 (La. 2004) (No. 2003-KO-3148); State Rec., Vol. III of VII.

[15] Rec. Doc. 10, minute entry dated November 12, 2003.

he filed an application for a supervisory writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[16] The Court of Appeal denied relief, holding:

> There is no indication on the docket master that relator's application for post conviction relief, motion to compel answer, motion for evidentiary hearing, and petition for writ of habeas corpus were filed in the district court. Relator should refile his application and motions, along with proof that they were timely filed, in the district court.[17]

On or after June 20, 2006, petitioner "refiled" the application with the state district court.[18] When the district court failed to rule on that application or respond to petitioner's requests for information on its status, he filed another writ application with the Louisiana Fourth Circuit Court of Appeal.[19] On September 12, 2007, the Court of Appeal denied that application, noting that it "has reviewed the claims raised by relator in his application for post-conviction relief and finds that he has not shown that he is entitled to relief. La. C.Cr.P. art. 930.2."[20] Petitioner then sought review by filing an application for a writ of certiorari with the Louisiana Supreme Court.[21] The Supreme Court likewise denied relief but on a different ground. Whereas the Court of Appeal had

---

[16] State Rec., Vol. VII of VII.

[17] State v. Bradley, No. 2006-K-0588 (La. App. 4th Cir. June 8, 2006) (unpublished); State Rec., Vol. VII of VII.

[18] State Rec., Vol. VII of VII. Petitioner signed that application on June 20, 2006; therefore, it could not have been filed prior to that date.

[19] State Rec., Vol. VII of VII.

[20] State v. Bradley, No. 2007-K-1017 (La. App. 4th Cir. Sept. 12, 2007) (unpublished); State Rec., Vol. VII of VII.

[21] State Rec., Vol. VII of VII.

considered petitioner's claims on the merits, the Supreme Court rejected petitioner's post-conviction application as untimely, holding: "Denied. La. C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189."[22]

---

[22] State *ex rel.* Bradley v. State, 992 So.2d 977 (La. 2008) (No. 2007-KH-2428); State Rec., Vol. VII of VII. Article 930.8 provides, in pertinent part:

> A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
>
> (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
>
> (2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
>
> (3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
>
> (4) The person asserting the claim has been sentenced to death.

La.C.Cr.P. art. 930.8(A).
In Glover, the Louisiana Supreme Court held that an appellate court reviewing a post-conviction application may deny the application as untimely under article 930.8 even though the lower court addressed the merits of the case.

On October 21, 2008, petitioner filed the instant federal application for *habeas corpus* relief.[23] The state argues that the application is untimely.[24]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[25]

In the instant case, the final action taken by the state courts on direct review was the Louisiana Supreme Court's denial of March 19, 2004. Therefore, at the latest, petitioner's state criminal judgment became "final" on June 17, 2004, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, i.e. on June 17, 2005, unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state

---

[23] Rec. Doc. 3.

[24] Rec. Doc. 8.

[25] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

court.  28 U.S.C. § 2244(d)(2).  Therefore, this Court must determine whether petitioner properly filed any such applications.

As noted, petitioner contends that he first sought state post-conviction relief on March 14, 2005.  If that contention were found to be true, then that application would have been filed within both the one-year federal limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) and the two-year state limitations period set forth in La.C.Cr.P. art. 930.8.  However, there is no record of that filing in the state district court.

On the other hand, if petitioner's contention regarding that purported filing is rejected, that rejection is fatal because his next post-conviction application was not filed until June 20, 2006, *after* the expiration of both the one-year federal limitations period and the two-year state limitations period.

In support of his contentions that he timely sought post-conviction relief in 2005 and that his 2006 "refiled" application should therefore also be deemed timely, petitioner presented to the state courts a purported Inmate Funds Withdrawal Request indicating that he gave to prison officials legal mail containing a post-conviction application on March 14, 2005.[26]  However, by expressly rejecting petitioner's "refiled" 2006 application as *untimely*, the Louisiana Supreme Court of necessity must have rejected that evidence and the contention that he attempted to file the application before the state limitations period expired.

The United States Supreme Court has made clear that where, as here, a state court has denied a petitioner's state post-conviction application as untimely, then, for federal purposes,

---

[26] State Rec., Vol. VII of VII.

the state application was not "properly filed" as required for tolling under § 2244(d)(2) and *no* statutory tolling credit whatsoever may be granted for that application. Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005); Wardlaw v. Cain, 541 F.3d 275 (5th Cir. 2008). Moreover, this Court is not free to secondguess the state court's determination on that state-law issue. Freeman v. Page, 208 F.3d 572 (7th Cir. 2000); United States *ex rel.* Collins v. Neal, No. 99 C 8028, 2000 WL 1262912, at *2 (N.D. Ill. Sept. 1, 2000); Hurst v. Cain, No. 06-3045, 2008 WL 4286503, at *3 n.22 (E.D. La. Sept. 18, 2008); Wuneburger v. Cain, Civ. Action No. 07-1445, 2007 WL 3334208, at *2 (E.D. La. Nov. 7, 2007) (Shushan, M.J.) (adopted by Feldman, J., on November 7, 2007), certificate of appealability denied, No. 07-31185 (5th Cir. Oct. 20, 2008); Campbell v. Cain, No. 06-3983, 2007 WL 2363149, at *3 n.27 (E.D. La. Aug. 15, 2007), certificate of appealability denied, No. 07-30817 (5th Cir. Apr. 15, 2008).

In light of the foregoing, it is evident that petitioner is not entitled to statutory tolling. Based on the Louisiana Supreme Court's ruling, this Court may not grant petitioner statutory tolling for his state post-conviction application. Further, he filed no other state applications which would entitle him to tolling under § 2244(d)(2).

The Court notes that, in addition to statutory tolling, the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations

omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 17, 2005, in order to be timely. His federal application was not filed until October 21, 2008,[27] and it is therefore untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Gregory S. Bradley** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

---

[27] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on October 21, 2008. Accordingly, that is the earliest date he could have presented his application to prison officials for mailing.

New Orleans, Louisiana, this nineteenth day of May, 2009.

                                          **DANIEL E. KNOWLES, III**
                                          **UNITED STATES MAGISTRATE JUDGE**